UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNION PACIFIC RAILROAD COMPANY, | Case No. 3:23-cv-00110-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| DIAMOND PLASTICS CORPORATION, | |
| Defendant. | |

**I.   SUMMARY**

Plaintiff Union Pacific Railroad Company sued Defendant Diamond Plastics Corporation for allegedly unpaid demurrage and switching charges in state court. (ECF No. 1-1 at 4-7.) Diamond removed the case to this Court. (ECF No. 1.) Before the Court is Diamond's motion to stay this case and refer certain questions Diamond proposes about the reasonableness of Union Pacific's demurrage and switching tariffs to the Surface Transportation Board ("STB"), the independent federal agency tasked with the economic regulation of freight rail. (ECF No. 11 ("Motion").)[1] Because Diamond challenges the reasonableness of Union Pacific's demurrage and switching tariffs, and as further explained below, the Court will grant the Motion and refer Diamond's proposed questions to the STB under the primary jurisdiction doctrine.

**II.   BACKGROUND**

Diamond operates a facility in Golconda, Nevada. (ECF No. 1-1 at 5.) Diamond entered into a contract with Union Pacific back in 1994 to construct, maintain, and operate railroad track at that facility. (*Id.*) Union Pacific charges Diamond demurrage and switching fees set out in Tariff UP 6004 under that contract. (*Id.*) Union Pacific alleges

---

[1] Union Pacific filed a response (ECF No. 17) and Diamond replied (ECF No. 19).

that Diamond breached their contract by refusing to pay invoices Union Pacific presented to Diamond for demurrage and switching fees, and seeks payment. (*Id.* at 5-6.)

### III.  DISCUSSION

Diamond argues the primary jurisdiction doctrine[2] applies here and asks the Court to refer several questions regarding the reasonableness of Union Pacific's demurrage and switching fees to the STB because Diamond challenges the reasonableness of Union Pacific's fees. (ECF No. 11.) Union Pacific counters that the Court is well equipped to rule on whether Diamond breached the contract by failing to pay demurrage fees and Diamond raises no novel questions necessitating the STB's involvement. (ECF No. 17.) The Court agrees with Diamond.

While Union Pacific is correct that Diamond has not yet filed an answer, Union Pacific also agrees that Diamond is contending that Union Pacific's tariffs are unreasonable. (ECF No. 17 at 6-7.) There is thus no dispute that Diamond contends Union Pacific's tariffs are unreasonable. Union Pacific is also incorrect that Diamond is raising a reasonableness challenge for the first time. As Diamond points out in reply (ECF No. 19 at 4), Diamond made the same argument about a year ago in a motion very similar to the Motion in a different case between the same parties that Union Pacific voluntarily dismissed before the Court ruled on that motion. *See Union Pacific Railroad Company v. Diamond Plastics Corporation*, Case No. 3:22-cv-00235-MMD-CLB, ECF No. 6 (D. Nev. Jun. 16, 2022); *see also id.*, ECF No. 19 (notice of voluntary dismissal). Regardless, Diamond represents both in its Motion and its reply that it has not paid the tariffs Union Pacific seeks to recover in this lawsuit because Diamond believes they are unreasonable. (ECF Nos. 11, 19.) These circumstances make referral to the STB under the primary jurisdiction doctrine the appropriate course of action at this juncture.

///

---

[2] The primary jurisdiction doctrine is a prudential, non-jurisdictional doctrine that "allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 909-10 (9th Cir. 2019) (citations omitted).

2

To start, "if . . . the primary jurisdiction doctrine applies on any set of facts that could be developed by the parties, there is no reason to await discovery, summary judgment, or trial, and the application of the doctrine properly may be determined on the pleadings." *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1088 (9th Cir. 2006). Such is the case here. Regardless of any other reasons Diamond may offer for not paying Union Pacific's tariffs at issue, the reasonableness of those tariffs is certainly one of them, and is an issue that will have to be resolved before this case can be finally adjudicated. It accordingly appears more efficient to have the STB weigh in on the reasonableness of Union Pacific's tariffs before this case proceeds farther. And "efficiency' is the 'deciding factor' in whether to invoke primary jurisdiction.'" *Robles*, 913 F.3d at 910 (citation omitted).

Moreover, courts have consistently determined that challenges to the reasonableness of a railroad's tariffs are properly referred to the STB (or its predecessor the ICC) under the primary jurisdiction doctrine. *See Union Pac. R. Co. v. Bay Area Shippers Consolidating Ass'n, Inc.*, 594 F.2d 1291, 1294 (9th Cir. 1979) ("Whenever a rate, rule, or practice is attacked as unreasonable or as unjustly discriminatory, there must be preliminary resort to the Commission.") (citation omitted); *Farley Transp. Co. v. Santa Fe Trail Transp. Co.*, 778 F.2d 1365, 1370-71 (9th Cir. 1985) (explaining that the primary jurisdiction doctrine militates in favor of referral to what is now the STB where the challenge is to the reasonableness of the tariff); *United States v. W. Pac. R. Co.*, 352 U.S. 59, 63 (1956) ("We have concluded that in the circumstances here presented the question of tariff construction, as well as that of the reasonableness of the tariff as applied, was within the exclusive primary jurisdiction of the Interstate Commerce Commission."); *EEX, Inc. v. Cast Indust. Prod. Co.*, Case No. C-91-4513-DLJ, 1993 WL 79672, at *4 (N.D. Cal. Mar. 16, 1993) ("The ICC has exclusive primary jurisdiction to determine the reasonableness of a filed rate.") (citation omitted); *Norfolk S. Ry. Co. v. Judge Warehousing, LLC*, 409 F. Supp. 3d 1350, 1358-59 (S.D. Ga. 2019) (noting in referring the matter to the STB that "[i]f the STB finds that any of the practices are unreasonable

and that demurrage should not be assessed in those instances, such a finding would aid in determining what amount of demurrage charges are owed.").

The Court accordingly agrees with Diamond that it is appropriate to refer its proffered questions to the STB now because Diamond challenges the reasonableness of Union Pacific's demurrage and switching tariffs and related practices.

## IV.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Diamond's motion to stay this case and refer certain questions to the Surface Transportation Board (ECF No. 11) is granted.

It is further ordered that Diamond's questions (*id.* at 5-6) are referred to the Surface Transportation Board.

It is further ordered that this case is stayed pending the conclusion of the proceedings before the Surface Transportation Board.

It is further ordered that the parties file a joint status report with the Court within 14 days from the Surface Transportation Board's final resolution of the referred questions.

The Clerk of Court is directed to administratively close this case.

DATED THIS 11th Day of August 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE